OPINION *Page 2 
{¶ 1} On December 5, 2005, the Stark County Grand Jury indicted appellant, Dale Smith, on one count of aggravated robbery in violation of R.C. 2911.01, one count of felonious assault in violation of R.C.2903.11 and one count of intimidation of an attorney, victim or witness in a criminal case in violation of R.C. 2921.04. Said charges arose from an incident wherein appellant struck his coworker, Ricky Miles, after Mr. Miles refused to give appellant money. Thereafter, appellant threatened Mr. Miles with physical harm to prevent him from pursuing criminal charges.
 {¶ 2} On January 20, 2006, appellant waived his right to counsel following a hearing on the issue. A jury trial commenced on January 30, 2006. Appellant proceeded pro se. The jury found appellant not guilty of the aggravated robbery charge, not guilty of the felonious assault charge, but guilty of the lesser included offense of assault and guilty of the intimidation charge. By sentencing entry filed February 8, 2006, the trial court sentenced appellant to an aggregate term of four years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT DEPRIVED APPELLANT OF HIS RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AS THE COURT FAILED TO ENSURE THAT APPELLANT HAD MADE A VOLUNTARY, KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL." *Page 3 
 II {¶ 5} "APPELLANT'S CONVICTION FOR INTIMIDATION OF AN ATTORNEY, VICTIM OR WITNESS IN A CRIMINAL CASE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 6} Appellant claims the trial court erred in failing to ensure that he had voluntarily, knowingly and intelligently waived his right to counsel. We disagree.
 {¶ 7} "The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." Faretta v.California (1975), 422 U.S. 806, 807.[1] In State v. Gibson (1976), 45 Ohio St.2d 366, syllabus, the Supreme Court of Ohio held the following:
 {¶ 8} "1. The Sixth Amendment, as made applicable to the states by theFourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562.
 {¶ 9} "2. In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Page 4 
 {¶ 10} Crim.R. 44 governs assignment of counsel. Subsections (A) and (C) state the following:
 {¶ 11} "(A) Counsel in serious offenses
 {¶ 12} "Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
 {¶ 13} "(C) Waiver of counsel
 {¶ 14} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 15} Although appellant concurs with the state that the trial court held a hearing on the issue of representation on January 20, 2006 pursuant to Crim.R. 44, he nonetheless argues the trial court's explanation of his rights was deficient as the trial court failed to advise him of "possible defenses and circumstances in mitigation." Appellant's Brief at 6.
 {¶ 16} During the hearing, the trial court informed appellant of the charges against him and the possible sentences, and told him he would have to follow the Rules of Evidence and the Rules of Criminal Procedure. January 20, 2006 T. at 4-5, 8-12. Appellant indicated he understood. Id. The trial court also told appellant, "With all my experience and all my knowledge, I would not represent myself." Id. at 15. Thereafter, the following exchange between appellant and the trial court occurred: *Page 5 
 {¶ 17} "THE COURT: And do you understand that there are several defenses to these allegations which may be available to you, but there are rules governing affirmative defenses or mitigating offenses and that, your lack of knowledge of their existence or the appropriate procedure for introducing them will not be grounds for appeal if you miss them? Do you understand that?
 {¶ 18} "THE DEFENDANT: Yes.
 {¶ 19} "THE COURT: And do you understand that even though I'm going to read to the jury what I'm required to from the Ohio Jury Instructions, instructing the jurors not to hold it against you, that you're going to be representing yourself, that notwithstanding my reading that, the fact that you're representing yourself may impart a negative connotation to the jury, which may be detrimental to you? Do you understand that?
 {¶ 20} "THE DEFENDANT: I don't see how, but I understand what you're saying.
 {¶ 21} "THE COURT: Do you understand the nature of the charges pending against you?
 {¶ 22} "THE DEFENDANT: Yes, all three.
 {¶ 23} "THE COURT: And do you understand the range of punishment which could be imposed?
 {¶ 24} "THE DEFENDANT: Yes, I do.
 {¶ 25} "THE COURT: Do you understand the defenses which are available to you?
 {¶ 26} "THE DEFENDANT: Somewhat I have in mind, yes.
 {¶ 27} "THE COURT: So you have a strategy in mind?
 {¶ 28} "THE DEFENDANT: Yes, I do. *Page 6 
 {¶ 29} "THE COURT: Based upon your knowledge of the defenses against you?
 {¶ 30} "THE DEFENDANT: My knowledge of the offense and my knowledge of the victim and the atmosphere, the chain of crime took place.
 {¶ 31} "THE COURT: And you are also aware of the circumstances and mitigation that you can present? Is that what you're telling me?
 {¶ 32} "THE DEFENDANT: No. I, that's not what I'm saying. I just--basically, was saying I do have a defense prepared.
 {¶ 33} "THE COURT: Well, mitigation is something that would lessen, ah, the punishment, lessen the acts which you committed. Defenses are things that are defenses to what you did. And you've told me that you feel that you understand the defenses; is that correct?
 {¶ 34} "THE DEFEDANT: Yes.
 {¶ 35} "THE COURT: And mitigation is not a defense, but it's explaining why you did, something that reduces the severity of it. Do you understand that?
 {¶ 36} "THE DEFENDANT: Yes.
 {¶ 37} "THE COURT: And so you feel that you understand the defenses and mitigating circumstances surrounding these charges?
 {¶ 38} "THE DEFENDANT: Well, ah-
 {¶ 39} "THE COURT: I'm not asking you for specifics. I'm just asking if you feel that you understand the defenses available to you and the mitigating circumstances that you want to bring forward?
 {¶ 40} "THE DEFENDANT: Yes, because the charges are trumped up anyway. It's a simple assault trumped up. *Page 7 
 {¶ 41} "THE COURT: Mr. Smith, in light of the penalties, prison terms you might suffer if you're found guilty and in light of all the difficulties of representing yourself, is it still your desire to represent yourself and to give up your right to be represented-
 {¶ 42} "THE DEFENDANT: Yes.
 {¶ 43} "THE COURT: — by an attorney?
 {¶ 44} "THE DEFENDANT: Yes." Id. at 18-21.
 {¶ 45} Upon review of the hearing transcript, we find the trial court adequately covered the issues of possible defenses and circumstances in mitigation given appellant's statement that he had a strategy prepared. We note appellant's strategy was partially effective because the jury returned verdicts of not guilty on the aggravated robbery and felonious assault charges.
 {¶ 46} Assignment of Error I is denied.
 II {¶ 47} Appellant claims his conviction for intimidation of an attorney, victim or witness in a criminal case was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 48} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the *Page 8 
evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 49} Appellant was convicted of intimidation of an attorney, victim or witness in a criminal case in violation of R.C. 2921.04(B) which states the following:
 {¶ 50} "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 51} As stated in Count 3 of the Bill of Particulars filed January 10, 2006, the alleged intimidation was against Mr. Miles:
 {¶ 52} "Defendant threatened continued physical harm to Ricky Miles in an attempt to influence, intimidate, or hinder Ricky Miles, the victim of the crimes described in the Bill of Information to Counts 1 and 2, above, from the filing or prosecution of criminal charges against defendant."
 {¶ 53} Appellant argues the only witness to the alleged intimidation was Mr. Miles, the victim, and because the allegation was unsubstantiated, the evidence was insufficient to convict him of the charge. Mr. Miles testified during the trial and stated a *Page 9 
few weeks after he had filed criminal charges, appellant and his girlfriend came to his home and the following ensued:
 {¶ 54} "Q. And what did he [appellant] say?
 {¶ 55} "A. There was some small talk, dialogue; but he said you better drop the charges. He says I ought to come in the house and whip your ass all over again right now, he says you better drop the charges. Then he got irate. He says I will go on court records; and he said if you don't drop the charges, I'm going to kill you, I'm going to kill you, when I go to prison, when I get out, I'm going to kill you if I don't get you before.
 {¶ 56} "* * *
 {¶ 57} "Q. Well, what did you do then? What did you do next? When did you learn that he had left?
 {¶ 58} "A. Well, he talked to me through the window a little bit; and he seemed to calm down. He offered me some money if I dropped the charges. I don't remember exactly what, I just kind of blew it off. He said I guess it is not going to be the same between the two of us. I said no kidding. Then he left." T. at 229-231.
 {¶ 59} A third individual, Ron Schaar, observed appellant and his girlfriend at Mr. Miles's home a few weeks after the initial incident and heard arguing, but did not hear the actual conversation. T. at 327-328. Mr. Schaar testified he heard bits and pieces, including appellant say, "if I go to prison I'll come back and I'll come at you." T. at 329.
 {¶ 60} One witness, if believed by the trier of fact, is sufficient to prove any element of the offense. The issue of witness credibility is clearly within the province of the jury. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. *Page 10 
 {¶ 61} We find the direct testimony of Mr. Miles to be sufficient to establish the offense of intimidation. This direct testimony was substantiated by Mr. Schaar who observed appellant and his girlfriend at Mr. Miles's home a few weeks after the incident. It is further corroborated by appellant's threat following the incident, "you better not call 911 or I'll come back and finish what I started." T. at 212.
 {¶ 62} Upon review, we find sufficient, credible evidence in the record to support the guilty finding for the offense of intimidation, and no manifest miscarriage of justice.
 {¶ 63} Assignment of Error II is denied.
 {¶ 64} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J.
Hoffman, P.J. and
 Edwards, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
[1] The Faretta case includes a thorough historical analysis on the issue of selfrepresentation. *Page 1